UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JOHN F. HANAHAN, ESQUIRE
1818 Market Street, Suite 3200
Philadelphia, PA 19103
(215)569-0200

| | |
|---|---|
| SCOTT TISDALE<br>3456 Amber St., Phila., PA 19134<br>vs.<br>FIRESTONE COMPLETE AUTO CARE<br>4367 Route 130 South, Burlington, NJ 08016<br>and<br>BRIDGESTONE RETAIL OPERATIONS, LLC<br>333 East Lake St., Bloomingdale, IL 60108<br>and<br>RUFFIN COMPANIES<br>100 N. Broadway St., Ste 430<br>Wichita, KS 67202-2204<br>and<br>HARPER TRUCKS, INC.<br>100 N. Broadway St., Ste 430<br>Wichita, KS 67202-2204<br>and<br>HOME DEPOT<br>2455 Paces Ferry Road, Atlanta, GA 30339 | DOCKET NUMBER<br>09-4704<br><br><br><br>JURY TRIAL DEMANDED |

Complaint in Civil Action

1. The plaintiff, Scott Tisdale, is an adult individual and a citizen of the Commonwealth of Pennsylvania, with his domicile being 3456 Amber Street, Philadelphia, PA 19134.

2. The defendant, Firestone Complete Auto Care, is a corporation, with is principal place of business located in Chicago, IL 60680 and is incorporated in the State of Illinois, and at all times relevant hereto was in the business of tire sales and service, with a retail store located at 4367 Route 130 South, Burlington, New Jersey 08016.

3. The defendant, Bridgestone Retail Operations, LLC, is a corporation, with is

principal place of business located in Chicago, IL 60680 and is incorporated in the State of Illinois, and at all times relevant hereto was in the business of tire sales and service, with a retail store located at 4367 Route 130 South, Burlington, New Jersey 08016.

4. The defendant, Ruffin Companies, is a corporation, with its principal place of business located at 100 N. Broadway St., Ste. 430, Wichita, KS 67202-2204, and is incorporated in the State of Kansas, and at all times relevant hereto was in the business of manufacturing, marketing, distributing and/or selling the Harper Super Steel 600 Hand Truck involved herein.

5. The defendant, Harper Trucks, Inc., is a corporation, with its principal place of business located at 100 N. Broadway St., Ste. 430, Wichita, KS 67202-2204, and is incorporated in the State of Kansas, and at all times relevant hereto was in the business of manufacturing, marketing, distributing and/or selling the Harper Super Steel 600 Hand Truck involved herein.

6. The defendant, Home Depot, is a corporation, with its principal place of business located at 2455 Paces Ferry Road, Atlanta, GA 30339, and is incorporated in the State of Georgia, and at all times relevant hereto was in the business of manufacturing, marketing, distributing and/or selling the Harper Super Steel 600 Hand Truck involved herein.

7. The jurisdiction of the court is hereby invoked pursuant to United States Code, Title 28, Sec. 1332, which states that the District Court shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of

different states.

8. Venue is sought in the U.S. District Court for the District of New Jersey, since all acts that arose from this complaint took place within the U.S. District Court for the District of New Jersey.

9. Venue is sought in the U.S. District Court of the District of New Jersey pursuant to U.S. Code, Federal Statute, Title 28, Sec. 1391(a)(2), which states that a civil action wherein jurisdiction is founded on diversity of citizenship may, except as otherwise provided by law, be brought in the judicial district where a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

10. At all times relevant hereto the defendants acted through their agents, servants, workmen and employees and the doctrine of <u>Respondeat Superior</u> is invoked herein.

11. At all times relevant hereto all defendants were acting as the agents, servants, workmen and/or employees of all other named defendants.

12. On or about the 21st day of May, 2009, at or about 9:00 a.m., the plaintiff brought a Harper Hand Truck to the Firestone Complete Auto Care store located at 4367 Route 130 South, Burlington, New Jersey to fill the tire with air. Plaintiff was directed by a Firestone Complete Auto Care employee to use the air hose and fill the tire himself. As plaintiff started to fill the tire it exploded, which caused the plaintiff to sustain severe and serious injuries as more fully set forth hereinafter.

13. As a proximate result of the accident described above, plaintiff sustained serious and painful physical injuries including but not limited to his hand, a severe shock

to the nerves and nervous system, and emotional distress, some or all of which are permanent.

14. The aforesaid accident was caused solely and exclusively by the wrongful and liability producing conduct of the defendants, their agents, servants, and/or employees, as hereinafter more fully set forth, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff herein.

15. As a further result of the wrongful and liability producing conduct of the defendants herein, plaintiff has been obligated to expend various and diverse sums of money for medicine and medical care and treatment in an about an effort to cure himself of the ills and injuries he has suffered, and will be obligated to do so in the future, to his great detriment and loss.

16. As a result of the wrongful and liability producing conduct of the defendants herein, plaintiff has undergone great physical pain and mental anguish, as well as embarrassment and humiliation, and will continue to endure the same for an indefinite time in the future, to his great detriment and loss.

17. As a further result of the wrongful and liability producing conduct of the defendants herein, plaintiff has been extremely inconvenienced and unable to attend to his life's daily activities as well as having been deprived of life's pleasures, and will continue to suffer same for an indefinite time in the future, to his great detriment and loss.

18. As a result of said accident, plaintiff, Scott Tisdale, has incurred expenses for the treatment of injuries and may in the future incur additional expenses.

19. As a further result of said accident plaintiff may have a loss in his future earning

capacity.

## COUNT I

## NEGLIGENCE

## PLAINTIFF, SCOTT TISDALE vs. DEFENDANTS, FIRESTONE COMPLETE AUTO CARE AND BRIDGESTONE RETAIL OPERATIONS, LLC

20. The plaintiff, Scott Tisdale, hereby incorporates by reference herein the allegations contained in the preceding paragraphs of this Complaint as though same were fully set forth at length herein.

21. At all times relevant hereto, defendants had under their care, direction, supervision, control and maintenance of the premises, air hose and compressor at Firestone Complete Auto Care, 4367 Route 130 South, Burlington, New Jersey, and it was the defendants' duty to keep and maintain said premises, air hose and compressor in a reasonably safe condition.

22. The defendants knew or should have known of the existence of the hazardous and dangerous condition on the aforesaid premises.

23. The carelessness and/or negligence of the defendants consisted of the following:

    a. Failing to maintain said premises, air hose and compressor in a safe and reasonable condition for persons such as the plaintiff using said air hose;

    b. Failing to reasonably inspect said premises, air hose and compressor to ascertain the existence of the dangerous and hazardous condition when defendant knew or should have known of the existence of said dangerous and hazardous condition;

    c. Failing to warn persons, such as the plaintiff, of the dangerous and hazardous condition;

    d. Negligently using a compressor that was not set at the appropriate air pressure level;

e. Failing to properly and adequately repair said dangerous and/or hazardous condition;

f. Negligently allowing said dangerous and hazardous condition to be and remain on defendants' premises;

g. Negligently directing the plaintiff to fill the aforesaid tire himself;

h. Failing to fill the aforesaid tire for the plaintiff;

i. Failing to set the air compressor at the appropriate air pressure level for the aforesaid tire;

j. Negligently allowing plaintiff to use the air compressor that was set at an excessively high level;

k. Failing to provide an appropriate air pressure gauge;

l. Negligently allowing plaintiff to use an air compressor that defendants knew or should have known would cause the aforesaid tire to explode or blow out;

m. Failing to inspect the aforesaid tire before directing plaintiff to fill the tire;

n. Failing to warn the plaintiff of the air pressure level of defendants' compressor; and,

o. Failing to properly supervise defendants' employees responsible for using the air hose and compressor.

24. The negligence of the defendants as set forth herein was the proximate and sole cause of the injuries to the plaintiff and the damages and expenses incurred as set forth above.

**WHEREFORE**, Plaintiff, Scott Tisdale, demands judgment for damages against the defendants, Firestone Complete Auto Care and Bridgestone Retail Operations, LLC, their agents, servants, workmen and/or employees, in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

## COUNT II

## NEGLIGENCE

## PLAINTIFF, SCOTT TISDALE vs. DEFENDANTS, RUFFIN COMPANIES, HARPER TRUCKS, INC. and HOME DEPOT

25. The plaintiff, Scott Tisdale, hereby incorporates by reference herein the allegations contained in the preceding paragraphs of this Complaint as though same were fully set forth at length herein.

26. The negligence, carelessness and recklessness of the defendants, consisted of, but is not limited to, the following:

   a. Failure to adequately warn of the inherent dangerous propensities of the Harper Super Steel 600 Hand Truck (hereinafter referred to as the "product");

   b. Failure to adequately provide for protective measures against failure of the product;

   c. Failure to employ adequate measures in the assembly, design, manufacture, production, and/or distribution of the product;

   d. Failure to protect the product from ceasing to function properly;

   e. Failure to inspect the product as to prevent the accident or accidental dysfunction from occurring;

   f. Failure to properly design, manufacture and/or distribute said product in such a manner as would afford adequate protection from injury of the lawful user thereof;

   g. Failure to supply adequate notices or warnings of the dangers of the product;

   h. Failure to design, manufacture and assemble said product in such a manner that it could not easily become defective;

   i. Failure to warn the plaintiff and/or consumers of the risk of the product;

j.  Failure to exercise due care and caution in the design, assembly and manufacture and distribution of said product required under the circumstances;

k.  Failure to place or install warning notices in an obvious or conspicuous place on said product;

l.  Failure to place and install adequate warning notices on said product;

m.  Failure to comply with various laws, regulations, and customs of the industry with regard to safety in such products including, but not limited to, the laws of the United States of America and the State of New Jersey;

n.  Failure to assemble the product so as to prevent an accident;

o.  Failure to properly inspect the product prior to placing it in the stream of commerce;

p.  Failure to design and/or distribute a product with adequate materials and safety devices;

q.  Distributing a defective product to the general public and to the plaintiff;

r.  Advertising a defective product to the general public and to the plaintiff;

s.  Failure to inspect said product prior to the product being sold and prior to plaintiff using product;

t.  Failure to properly train, control and supervise defendants' employees in the design, manufacture, assembly and/or distribution of said product;

u.  Making false representations to plaintiff and/or the purchasers of the product, that the product was safe for use, when in fact said product was defective and in a dangerous condition;

v.  Utilizing defective materials in the manufacture of the product;

w.  Distributing a product with defective tires;

x.  Distributing a product with tires that were susceptible to blow out while being inflated; and,

y.  Faiure to place adequate warnings on the product with respect to the dangers associated with filling the tires.

27. The negligence, carelessness and recklessness of the defendants as set forth herein was the proximate and sole cause of the injuries to the plaintiff and the damage and expenses incurred as set forth above.

**WHEREFORE**, Plaintiff, Scott Tisdale, demands judgment for damages against the defendants, Ruffin Companies, Harper Trucks, Inc. and Home Depot, its agents, servants, workmen and/or employees, in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

## COUNT III

## STRICT LIABILITY

## PLAINTIFF, SCOTT TISDALE vs. DEFENDANTS, RUFFIN COMPANIES, HARPER TRUCKS, INC. and HOME DEPOT

28. The plaintiff, Scott Tisdale, hereby incorporates by reference herein the allegations contained in the preceding paragraphs of this Complaint as though same were fully set forth at length herein.

29. At all times relevant hereto of the defendants designed, manufactured, assembled, processed, distributed or advertised the Harper Super Steel 600 Hand Truck, which was ultimately sold by the defendants and used by the plaintiff.

30. The hand truck was defective and unreasonably dangerous, which was the cause of the plaintiff's injuries in the manner described further herein.

31. The product was defective and unreasonably dangerous to its intended users such as the plaintiff, and the unreasonably dangerous condition was the cause of the injuries sustained by plaintiff and plaintiff invokes the doctrine of strict liability.

32. The defendants, manufactured distributed and/or sold the product or caused it to

be manufactured, distributed and/or sold and knew or should have known of its dangerous propensities, and failed to warn or provide an adequate warning to users of such dangers and said failure rendered the product defective and unreasonably dangerous for its intended use, all of which was a producing cause of plaintiff's injuries.

33. Defendants are strictly liable pursuant to Section 402(a) of the Restatement of Torts 2nd as said product was defective and unreasonably dangerous at the time it was distributed and defendants failed to warn plaintiff and other prospective users of the said defects and dangers.

34. As a result of the said defects and/or other reasonably dangerous propensities of the product, plaintiff was caused to sustain the injuries and damages as set forth herein.

**WHEREFORE**, Plaintiff, Scott Tisdale, demands judgment for damages against the defendants, Ruffin Companies, Harper Trucks, Inc. and Home Depot, its agents, servants, workmen and/or employees, in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

## COUNT IV

## EXPRESS WARRANTY

### PLAINTIFF, SCOTT TISDALE vs. DEFENDANTS, RUFFIN COMPANIES, HARPER TRUCKS, INC. and HOME DEPOT

35. The plaintiff, Scott Tisdale, hereby incorporates by reference herein the allegations contained in the preceding paragraphs of this Complaint as though same were fully set forth at length herein.

36. The defendants, their agents, servants and employees, warranted that the hand truck was reasonably fit for its intended use and free from defect, but contrary thereto, the hand truck was not reasonably fit for its intended use and it was so defective as to render it unreasonably dangerous.

37. The plaintiff avers that the defendants are liable for the injuries to the plaintiff, and for the resulting damages, in that the hand truck was defectively designed and manufactured and in a defective condition when sold, thereby violating the express warranties.

38. The plaintiff relied upon the skill and judgment of defendants and upon defendants' express warranty that hand truck was safe.

39. As a result of the defects in material and workmanship, defendants breached their express warranty that the hand truck was in a marketable condition, safe for use by ultimate users and in particular the plaintiff.

40. The injuries and damages as set forth herein were caused by the breach of the express warranty by defendants.

**WHEREFORE**, Plaintiff, Scott Tisdale, demands judgment for damages against the defendants, Ruffin Companies, Harper Trucks, Inc. and Home Depot, its agents, servants, workmen and/or employees, in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

<u>COUNT V</u>

<u>IMPLIED WARRANTY</u>

<u>PLAINTIFF, SCOTT TISDALE vs. DEFENDANTS, RUFFIN COMPANIES, HARPER TRUCKS, INC. and HOME DEPOT</u>

41. The plaintiff, Scott Tisdale, hereby incorporates by reference herein the allegations contained in the preceding paragraphs of this Complaint as though same were fully set forth at length herein.

42. Defendants impliedly warranted that Harper Super Steel 600 Hand Truck when used was fit for the purpose for which it was designed, that it was safe and suitable product to be used, that the product was equipped with safety features that would protect the users, and that said product was fit and suitable for that purpose. In reliance upon defendants' skill and judgment and the implied warranties of fitness for that purpose, the plaintiff used and operated the Harper Super Steel 600 Hand Truck.

43. The Harper Super Steel Hand Truck was, in fact, not fit for use for its intended purpose and defendants breached the implied warranties set forth above.

44. The injuries and damages as set forth herein were caused by the breach of the implied warranty by defendants.

**WHEREFORE**, Plaintiff, Scott Tisdale, demands judgment for damages against the defendants, Ruffin Companies, Harper Trucks, Inc. and Home Depot, its agents, servants, workmen and/or employees, in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

**ROSENBAUM & ASSOCIATES**

BY: _____
JOHN F. HANAHAN, ESQ.
Attorney for Plaintiffs

DATE: 9-9-09

CERTIFICATION PURSUANT TO L. CIV.R 201.1(d)(1)

I hereby certify that the Damages in this case exceed the amount of $150,000.00, exclusive of interests and costs and any claim for punitive damages. Counsel hereby requests that this case not be assigned to Arbitration.

ROSENBAUM & ASSOCIATES

BY: _____
JOHN F. HANAHAN, ESQ.
Attorney for Plaintiff

DATE: 0909